UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-06505-MWF (VBKx)          Date:  November 18, 2015
Title:    Jacquila Goodman  *v.* Wal-Mart Stores, Inc., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                    Court Reporter:
          Rita Sanchez                     Not Reported

          Attorneys Present for Plaintiff:   Attorneys Present for
Defendant:
          None Present                       None Present

**Proceedings (In Chambers):**   ORDER GRANTING MOTION FOR REMAND
                                 [11]

        Before the Court is Plaintiff Jacquila Goodman's Motion for Order
Remanding This Action to State Court and for Award of Just Costs and Fees
Incurred in the Sum Total of $4,000 (the "Motion") filed on September 24, 2015.
(Docket No. 11).  Defendant Wal-Mart Stores, Inc. filed an Opposition to the
Motion on October 9, 2015, and Plaintiff's Reply followed on October 19, 2015.
The Court has read and considered the parties' submissions, and held a hearing on
**November 2, 2015**.

        The Motion is **GRANTED**.  Defendant Arreguin was not "fraudulently
joined" (used in the technical jurisdictional sense) because there is at least a
possibility that Plaintiff can recover on the claims asserted against her.  Even if
Arreguin's allegedly wrongful conduct constitutes "personnel management
decisions" that are generally exempt from liability, Defendant Wal-Mart has failed
to establish that such deficiencies cannot be cured by amending the Complaint.

## I.    BACKGROUND

        Plaintiff initiated this action in the Los Angeles County Superior Court
against Wal-Mart and Bertha Arreguin based on claims arising under California
law.  (Declaration of Malaika C. Billups, Ex. A ("Compl.") (Docket No. 3)).
Although all agree that both Plaintiff and Arreguin are citizens of California, Wal-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-06505-MWF (VBKx)          Date:  November 18, 2015
Title:      Jacquila Goodman  *v.*  Wal-Mart Stores, Inc., et al.

Mart removed the action to this Court on the theory that Arreguin was fraudulently joined to defeat the Court's diversity jurisdiction.  (Docket No. 1).  Assessing the merits of Wal-Mart's contention requires a careful examination of the Complaint's allegations, which are, in pertinent part, as follows.

Plaintiff began her employment at Wal-Mart as a sales associate in 2008. (Compl. ¶ 7).  She performed her duties diligently and responsibly, and was considered a hard-working employee.  (*Id.*).  In 2010, however, Plaintiff was diagnosed with a work-related back injury, causing pain so severe that she could barely walk.  (*Id.* ¶ 8).  Plaintiff reported her malady, filed a workers compensation claim, and took a medical leave from work.  (*Id.*).

After being hospitalized and undergoing back surgery, Plaintiff eventually returned to Wal-Mart at the end of 2013, albeit with permanent restrictions.  (*Id.* ¶¶ 8-11).  Perhaps the most debilitating restriction was Plaintiff's inability to stand for any significant period of time due to the persistent back pain.  (*Id.* ¶ 11). Immediately after her return, Plaintiff informed Defendants of her medical condition and provided doctor's notes.  (*Id.*).  Nonetheless, Wal-Mart's store manager—who is not named as a Defendant in this action—took away Plaintiff's chair at her register location because her "work status report was out of date." (*Id.*).  Plaintiff continued to perform her duties to the best of her abilities, without any accommodation and despite incessant pain.  (*Id.* ¶ 12).

In 2014, Defendants permanently reassigned Plaintiff to the gardening section of the store.  (*Id.* ¶ 13-14).  Because the new position required constant standing, Plaintiff requested Defendants to let her continue working in her old department.  (*Id.* ¶ 13).  To Plaintiff's dismay, Defendants deliberately refused to grant her request.  (*Id.*).  Meanwhile, Plaintiff's condition deteriorated further due to the contact with plants and pollen, which caused painful sneezing and produced hives and swelling on her hands and face.  (*Id.* ¶ 14).  To make matters worse, Plaintiff was not provided with a working radio and was given a "sweaty hat" to block the sun.  (*Id.* ¶ 17).  Plaintiff continued to complain about the lack of accommodations—but to no avail.  (*Id.* ¶¶ 14, 17).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-06505-MWF (VBKx)                    Date:  November 18, 2015
Title:     Jacquila Goodman  *v.* Wal-Mart Stores, Inc., et al.

Due to her worsening maladies, Plaintiff used her approved vacation and sick days to take some time off.  (*Id.* ¶ 15).  Defendant Arreguin—a supervisor at Wal-Mart—nonetheless reprimanded Plaintiff for lack of attendance and accused her of "just leaving early and not calling out."  (*Id.* ¶¶ 15-16).  When Plaintiff explained her medical condition, Arreguin responded, "Can't you just stick it out? You know, you're supposed to be working."  (*Id.* ¶ 17).  Arreguin then warned Plaintiff that leaving early would "count against you" and ignored her requests for reassignment.  (*Id.*).

Plaintiff was eventually terminated for alleged lack of attendance.  (*Id.* ¶ 19). Arreguin identified the days Plaintiff missed but included a day that she herself approved as time-off.  (*Id.*).  The remaining days missed, moreover, were due solely to Plaintiff's medical conditions.  (*Id.*).  "Evidently," Plaintiff concludes, "[the reasons for termination] were all a pretext and [Plaintiff's] disability and need for accommodations—including medical leave—were the determinative causes of the adverse employment action of the Defendants."  (*Id.*).

Plaintiff asserts a total of nine claims for relief under California law: (1) disability discrimination; (2) disability harassment; (3) failure to accommodate disability; (4) failure to engage in the interactive process of accommodation of a disability; (5) failure to prevent, correct, and remedy discrimination and harassment; (6) retaliation in violation of the California Fair Employment and Housing Act ("FEHA") and California Family Rights Act ("CFRA"); (7) wrongful termination; (8) intentional infliction of emotional distress ("IIED"); and (9) negligent infliction of emotional distress ("NIED").  Only the harassment, IIED, and NIED claims, however, are brought against Arreguin.

## II.   LEGAL STANDARD

As all parties recognize, the threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court."  *Ansley v. Ameriquest Mortgage Co.,* 340 F.3d 858, 861 (9th Cir. 2003).  In most circumstances, "federal district courts have jurisdiction over

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV-15-06505-MWF (VBKx)              Date:  November 18, 2015**
**Title:        Jacquila Goodman  *v*. Wal-Mart Stores, Inc., et al.**

suits for more than $75,000 where the citizenship of each plaintiff is different from
that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th
Cir. 2009) (citing 28 U.S.C. § 1332(a)).  A well-established exception to the
complete-diversity rule is "'where a non-diverse defendant has been 'fraudulently
joined.'" *Id.* (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th
Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a
cause of action against the [non-diverse] defendant, and the failure is obvious
according to the settled rules of the state . . . ." *Hamilton Materials, Inc. v. Dow
Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Defendant must "prove that
individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn
Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)

      Because all doubts weigh against removal, a court determining whether
joinder is fraudulent "must resolve all material ambiguities in state law in
plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d
1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5
F.Supp.2d 804, 807 (N.D. Cal. 1998)).  "If there is a non-fanciful possibility that
plaintiff can state a claim under [state] law against the non-diverse defendant[,] the
court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant
must demonstrate that there is no possibility that the plaintiff will be able to
establish a cause of action in State court against the alleged sham defendant.").
Given this standard, "[t]here is a presumption against finding fraudulent joinder,
and defendants who assert that plaintiff has fraudulently joined a party carry a
heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp.
2d 1005, 1008 (N.D. Cal. 2001).

      Even when a pleading contains insufficient allegations to state a claim for
relief against a non-diverse defendant, a remand is proper "where defendant fail[s]
to show that plaintiff would not be granted leave to amend his complaint to cure
the asserted deficiency by amendment." *Johnson v. Wells Fargo & Co.*, No. CV
14-06708 MMM JCX, 2014 WL 6475128, at *8 (C.D. Cal. Nov. 19, 2014)
(quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).
"Consequently, if a defendant simply argues that plaintiff has not pled sufficient

_____

**CIVIL MINUTES—GENERAL                                    4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-06505-MWF (VBKx)              Date:  November 18, 2015
Title:       Jacquila Goodman  *v.* Wal-Mart Stores, Inc., et al.

facts to state a claim, the heavy burden of showing fraudulent joinder has not been met."  *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015); *See Birkhead v. Parker*, No. C 12–2264 CW, 2012 WL 4902695 at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct, Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege a[ ] viable claim [for intentional infliction of emotional distress] against [his former supervisor] under California law.").

## III.   DISCUSSION

As the removing party, Wal-Mart bears the burden of establishing fraudulent joinder.  *See Plute*, 141 F. Supp. 2d at 1008.  Because the Court concludes that Wal-Mart failed to show that Plaintiff cannot possibly state claims for harassment and IIED against Arreguin, the Court does not reach Plaintiff's allegations of NIED.

### A.   Harassment Claim Under FEHA

California law draws a sharp distinction between discrimination and harassment claims.  *See Janken v. GM Hughes Electronics,* 46 Cal. App. 4th 55, 62–63, 53 Cal. Rptr. 2d 741 (1996); *see also Reno v. Baird,* 18 Cal. 4th 640, 645-47, 76 Cal. Rptr. 2d 499 (1998) (summarizing *Janken* with approval and affirming *Janken's* delineation between harassment and discrimination).  While an employee's manager may be personally liable for harassment under FEHA, only the employer is responsible for the supervisor's personnel management decisions later considered to be discriminatory.  *Janken,* 46 Cal. App. 4th at 62–63.  As the Court of Appeal explained in *Janken,*

> The Legislature's differential treatment of harassment and discrimination [under FEHA] is based on the fundamental distinction between harassment as a type of conduct not necessary to a supervisor's job performance, and business or personnel management decisions—which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-06505-MWF (VBKx)                    Date:  November 18, 2015
Title:       Jacquila Goodman  *v*. Wal-Mart Stores, Inc., et al.

might later be considered discriminatory—as inherently
necessary to performance of a supervisor's job.

*Id.*  A claim for harassment cannot be based on supervisory actions, such as "hiring
and firing, job or project assignments, promotion or demotion, performance
evaluations, the provision of support, the assignment or non-assignment of
supervisory functions, [etc.]"  *Id.* at 63.  Rather, "harassment consists of conduct
outside of the scope of necessary job performance, conduct presumably engaged in
for personal gratification, because of meanness or bigotry, or for other personal
motives."  *Id.*  Importantly, a harassment claim based on managerial functions fails
"***even if improper motivation is alleged***."  *Id.* (emphasis added).  According to
*Janken*, "If personnel management decisions are improperly motivated, the remedy
is a suit against the employer for discrimination."  *Id.*

Arreguin's alleged conduct falls within the purview of her supervisorial role.
Plaintiff alleges that "Defendants" assigned her to the gardening department, where
she was forced to stand in the sun among plants, despite Plaintiff's protests and
while being aware of her medical condition.  (Compl. ¶¶ 12-15).  But as *Janken*
recognized, it is the manager's duty to make "job assignments," and executing
those duties does not constitute harassment ***even if the manager acts with the
intent to discriminate***.  *See Gonzales v. City of Martinez,* 638 F. Supp. 2d 1147,
1154-55, 1162 (N.D. Cal. 2009) (holding that the plaintiff's California harassment
claim failed as a matter of law when a supervisor "increased [the plaintiff's] shifts
in dispatch despite knowing that dispatch work aggravated [her] injury to her neck
and was in violation of her work restrictions" because such conduct constituted
"personnel management decisions").  The proper claim to make in such
circumstances is against the employer for discrimination.  *Id.* (the remedy for
managerial discriminatory conduct lies in a suit against the employer, not the
manger).

The same reasoning applies to Arreguin's alleged comments about
Plaintiff's attendance and Arreguin's eventual termination decision.  (Compl. ¶¶
15-19).  Arreguin purportedly "gave [Plaintiff] a hard time" for taking days off due
to her medical condition, warned her that leaving early would "count against" her,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-06505-MWF (VBKx)                 Date:  November 18, 2015
Title:      Jacquila Goodman  *v.* Wal-Mart Stores, Inc., et al.

and finally terminated Plaintiff in order to avoid providing accommodations for her disability.  (*Id.*)  At best, these allegations show that Arreguin implemented Wal-Mart's policies in a discriminatory manner.  There is no denying, however, that Arreguin at all times acted in her role as Plaintiff's manager.  The Court is unconvinced that Arreguin's alleged remarks such as "can't you just stick it out" or "you know you're supposed to be working" constitute taunts or personal insults that fall outside the scope of Arreguin's managerial functions.  Indeed, those comments are supervisorial in nature and relate directly to Plaintiff's job performance.

        Bolstering this conclusion are numerous cases finding similar conduct to be insufficient to state a harassment claim under FEHA.  *See, e.g., Velente-Hook v. E. Plumas Health Care*, 368 F. Supp. 2d 1084, 1103 (E.D. Cal. 2005) (holding that the following conduct does not give rise to a harassment claim against employees, even though it may expose the employer to liability under disability laws:  (1) telling the plaintiff that she would be fired if she did not return to work due to her medical condition; (2) forcing the plaintiff to return to work under duress and thus causing her health to deteriorate; and (3) refusing to release the plaintiff's paycheck in front of her colleagues unless she agreed to discuss a "fitness-for-duty" test); *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) ("[The plaintiff's manager] questioned her appearance, criticized the display of merchandise, instructed her to perform work-related assignments, and disagreed with the way she stored repair parts.  [The manager] alleged conduct relates to business operations . . . .  Such conduct does not constitute harassment under the FEHA."); *but see Roby v. McKesson Corp.,* 47 Cal. 4th 686, 709, 101 Cal. Rptr. 3d 773 (2009) (demeaning comments about body odor and arm sores, refusal to respond to greetings, demeaning facial expressions and gestures, and disparate treatment in handing out small gifts cannot be "fairly be characterized as an official employment action" and may therefore constitute harassment).

        But although Plaintiff's allegations are factually deficient, Wal-Mart provides no reasons to believe that those deficiencies cannot be cured through amendment.  Indeed, nothing indicates that Plaintiff cannot allege actionable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-06505-MWF (VBKx)                 Date:  November 18, 2015
Title:       Jacquila Goodman  *v.* Wal-Mart Stores, Inc., et al.

harassment conduct that does not constitute personnel management decisions.  And as long as there is a ***possibility*** that Plaintiff can state a viable claim for relief, the Court cannot conclude that Arreguin's joinder is fraudulent.  As one district courted stated,

> Even if the Court presumes for purposes of discussion that the complaint does not allege sufficient facts to meet this requirement as to Warenda, Defendants have failed to demonstrate fraudulent joinder.  As explained above, Defendants must demonstrate that Plaintiffs ***could not possibly state a claim*** against Warenda in state court.  Even if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations to correct any deficiencies.  In other words, the complaint's shortcomings, if any, are strictly factual; Plaintiffs clearly may pursue a cause of action for harassment against Warenda under section 12940(j)(3) of the California Government Code if they can allege sufficient facts.

*Stanbrough v. Georgia-Pac. Gypsum LLC*, No. CV 08-08303GAF(AJWX), 2009 WL 137036, at *2 (C.D. Cal. Jan. 20, 2009) (emphasis in the original); *Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM FMOX, 2013 WL 815975, at *6 (C.D. Cal. Mar. 5, 2013) ("While Michaels' argument might prevail in the context of a motion to dismiss, it does not suffice to support removal on the basis of fraudulent joinder.  Even if the complaint does not allege sufficient facts to plead a viable harassment claim against Baghdadlian, Michaels has not shown that the Ontiveros could not amend to add additional allegations of harassment.").  As a result, the Court cannot disregard Arreguin's citizenship for jurisdictional purposes.

**B.     Claim for IIED**

CIVIL MINUTES—GENERAL                                                   8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV-15-06505-MWF (VBKx)              Date:  November 18, 2015**
**Title:      Jacquila Goodman  *v.* Wal-Mart Stores, Inc., et al.**

---

A claim for IIED is based on four elements: (1) extreme and outrageous conduct; (2) intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of emotional distress.  *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 155, 233 Cal. Rptr. 308 (1987) (footnote omitted).  At issue here is only the first element, which requires allegations of conduct that is "beyond the bounds of human decency," *Janken*, 46 Cal. App. 4th at 80, and "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Cervantez v. J.C. Penny Co.*, 24 Cal. 3d 579, 156 Cal. Rptr. 198 (1979) (superseded by statute on other grounds).

At the hearing, Plaintiff argued that although discriminatory personnel management decisions cannot constitute harassment under FEHA, they should be sufficient to establish a claim for IIED.  *Janken* considered and rejected a similar argument, holding:

> Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society.  *A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.*  If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination.

46 Cal. App. 4th at 80 (emphasis added).

Numerous courts have applied *Janken* to foreclose a claim for *IIED* when a supervisor's conduct is within the confines of her managerial role.  The district court in *Bradshaw v. Glatfelter Insurance Group*, for instance, dismissed the plaintiff's IIED claim against her supervisor that was based on allegations of intentional discrimination based on race. No. 1:08-CV-01898OWWSMS, 2009 WL 1438265, at *3 (E.D. Cal. May 20, 2009).  The court emphasized that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-06505-MWF (VBKx)                 Date:  November 18, 2015
Title:      Jacquila Goodman  v. Wal-Mart Stores, Inc., et al.

"Plaintiff has not alleged any facts that give rise to a reasonable inference that
Defendants' conduct was anything other than management-level decisions
involving employee placement, workplace investigations, performance evaluations,
and staffing."  *Id.*; *see also Zhang v. Walgreen Co.,* No. C 09-05921 JSW, 2010
WL 4174635, at *3 (N.D. Cal. Oct. 20, 2010) (IIED claim fails when the
allegations do not establish "that [the supervisor] engaged in a sustained personal
attack on [the plaintiff]" and instead constitute "commonly necessary personnel
management action"); *Gonzalez*, 638 F. Supp. 2d at 1162 ("Court finds that
Defendants' alleged conduct merely constitute personnel management decisions.
Therefore, Plaintiff [has not presented facts showing] outrageous conduct
necessary for her claim of intentional infliction of emotional distress."); *Walker v.
Boeing Corp.*, 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002) ("Terminating an
employee for improper or discriminatory reasons, like many adverse personnel
management decisions, is insufficiently extreme or outrageous to give rise to a
claim for intentional infliction of emotional distress."); *Bartalini v. Blockbuster
Entm't, Inc.*, No. C-98-3943-SC, 1999 WL 1012383, at *10 (N.D. Cal. Nov.8,
1999) ("[C]ourts have generally refused to extend liability for emotional distress to
terminations based upon discriminatory motives unless accompanied by
aggravating factors, such as racial or ethnic slurs. . . . Moreover, even if [the
plaintiff] had shown that his termination was in fact motivated [by discriminatory]
animus, such action is not per se outrageous.").

        Importantly, however, a supervisor is not fraudulently joined simply because
her conduct constitutes management personnel decisions.  Courts make clear that
as long as the plaintiff can possibly allege facts supporting her IIED claim,
removal based on the "sham defendant" theory is improper.  In *Dagley v. Target
Corp.*, the district court granted the plaintiff's motion to remand under similar
circumstances because allegations establishing that a manager's termination
decision was discriminatory created a "possible" claim for IIED.  No. CV 09-1330-
VBF(AGRx), 2009 WL 910558, at *3 (C.D. Cal. Mar. 31, 2009).  The court
acknowledged that "a manager's act of terminating employees does not by itself
create an action for intentional infliction of emotional distress."  (*Id.*).  The court

_____

CIVIL MINUTES—GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-06505-MWF (VBKx)                    Date:  November 18, 2015
Title:       Jacquila Goodman  *v.* Wal-Mart Stores, Inc., et al.

nonetheless concluded that "if a plaintiff 'alleges conduct other than that inherent in terminating an employee,' such as violating a 'fundamental interest of the employee . . . in a deceptive manner that results in the plaintiff being denied rights granted to other employees,' then a claim for intentional infliction of emotional distress is possible against a supervisor."  (*Id.* (citing *Gibson v. Am. Airlines*, No. C 96-1444, 1996 WL 329632, at *4 (N.D.Cal. June 6, 1996)); *see also Barsell v. Urban Outfitters, Inc.*, No. CV0902604MMMRZX, 2009 WL 1916495, at *7 (C.D. Cal. July 1, 2009) ("Particularly given [the supervisor's] alleged knowledge of [the plaintiff's medical] condition, the court cannot say that there is no possibility these facts state a claim [for IIED] against [the supervisor]."); *Bejarano v. Int'l Paper Co.*, No. 1:13-CV-01859-AWI, 2015 WL 351420, at *1 (E.D. Cal. Jan. 23, 2015) (holding that a supervisor was not fraudulently joined because "Plaintiff's complaint alleges that Plaintiff was terminated for taking medical leave without any inquiry or consideration of his medical documentation.  Therefore, there is a possibility that Plaintiff will be able to state a claim of intentional infliction of emotional distress against the Individual Defendants").

       The Court concludes that there is at least a possibility that Plaintiff's IIED claim is viable.  Even if Plaintiff's current allegations are insufficient to state a claim for relief, Wal-Mart does not and cannot establish that the deficiencies are so great that no amendment to the Complaint would cure them.  One district court confronted with almost the exact same circumstances explained:

              Michaels does not demonstrate that Ontiveros cannot
              plead an emotional distress claim against his former
              manager as a matter of law; it asserts only that the
              complaint presently fails to state a viable emotional
              distress claim.  While Ontiveros' vague allegations
              concerning Baghdadlian's conduct may be insufficient to
              differentiate the alleged conduct from normal personnel
              management actions, the deficiencies do not demonstrate
              that Ontiveros would not be able to amend to allege a
              viable IIED claim against Baghdadlian based on

CIVIL MINUTES—GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-06505-MWF (VBKx)                Date:  November 18, 2015
Title:     Jacquila Goodman  *v.* Wal-Mart Stores, Inc., et al.

discriminatory practices. . . . This is particularly true
since Ontiveros alleges that Baghdadlian's actions were
motivated by discriminatory animus.  Michaels'
arguments, which go to the merits of the pleading as
currently alleged, do not demonstrate that Baghdadlian is
a sham defendant.  Consequently, Michaels fails to meet
its heavy burden of showing that Baghdadlian has been
fraudulently joined.

*Ontiveros,* 2013 WL 815975, at *9.

The Court agrees with *Ontiveros*'s analysis. Although Plaintiff's allegations
concern managerial conduct such as employee placement, performance evaluation,
and termination, nothing indicates that Plaintiff cannot plead that Arreguin acted
outside of her managerial role, especially given allegations of discriminatory
intent.  Wal-Mart therefore failed to demonstrate that Arreguin was "fraudulently
joined."

### C.     **Plaintiff's Request for Attorneys' Fees**

In the event of removal, "Plaintiff respectfully requests that the Court award
attorneys' fees in the total amount of $4,000 against the Defendants and their
attorneys . . . ." (Mot. at 15).  The Court may award just costs and attorneys' fees
incurred as a result of removal under 28 U.S.C. § 1447(c).  *See Martinez*, 2015 WL
4337059 at *10.  "Absent unusual circumstances, courts may award attorney's fees
under § 1447(c) only where the removing party lacked an objectively reasonable
basis for seeking removal."  *Id.*

The Court declines to award attorneys' fees.  Although ultimately
unpersuasive, Wal-Mart's arguments are not "objectively unreasonable."

## IV.   **CONCLUSION**

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** **CV-15-06505-MWF (VBKx)**                    **Date:  November 18, 2015**
Title:        Jacquila Goodman  *v*. Wal-Mart Stores, Inc., et al.

     For the foregoing reasons, the Motion is **GRANTED**.  Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles (Case No. BC587698).


     IT IS SO ORDERED.